**No. 48255.**—Protests 93783–K, etc., of New York Merchandise Co., Inc. (New York).

Opinion by LAWRENCE, J.  The court, in accordance with the established facts, held the paperweights and tape measures in question to be household utensils and therefore dutiable at 40 percent under paragraph 339, following *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) and Abstract 43372, respectively.  The brass base shells, following *New York Merchandise Co.* v. *United States* (8 Cust. Ct. 209, C. D. 607), were held dutiable at 35 percent under paragraph 353 as parts of articles having as an essential feature an electrical element or device, such as signs.

**No. 48256.**—Protests 93943–K, etc., of Herman A. Holz (New York).

Opinion by LAWRENCE, J.  The hardness-testing machines found from the established facts to be similar to those the subject of *United States* v. *American Machine & Metals, Inc.* (29 C. C. P. A. 137, C. A. D. 183) were held dutiable as claimed.

BEFORE THE THIRD DIVISION, MAY 5, 1943

**No. 48257.**—Protests 748004–G, etc., of Sun Wing Wo Co. (Los Angeles).

Opinion by EKWALL, J.  It was stipulated that the merchandise in question consists of medicinal preparations (not distilled spirits) of the same character as that the subject of *Wing Duck* v. *United States* (6 Cust. Ct. 133, C. D. 446).  It was therefore held not subject to internal revenue tax.

BEFORE THE FIRST DIVISION, MAY 7, 1943

**No. 48258.**—Protest 30558–K of M. Pressner & Co. (New York).

Opinion by OLIVER, P. J.  Turtles in chief value of shells were held dutiable at 35 percent under paragraph 1538, in accordance with stipulation of counsel and following Abstract 44028.